should just submit the case. I think we'll just order the case submitted. Does the government wish to speak? I would like to say a few things. Yes, sure. Get up and tell you. Okay. In petitioner's brief, I think that he tries to make a noble effort of poking a few holes in some of the reasons that the immigration judge gave to support the adverse credibility determination. I'm more interested in discussing the question of the changed country conditions. It's a basis for his decision, and that is that even if you believe DeMengie, the country condition has changed. And I notice that he did not appeal this to the BIA and doesn't say anything in his blue brief about that. But then along comes the government and argues the issue on their merits. So in your brief, you argue that I.J.'s right on country conditions. Did he waive the alternative grounds for decision, and so are we lacking in jurisdiction? You actually would lack jurisdiction. That would be a mistake on my part, because if he did not argue it to the BIA, then he failed to exhaust his administrative remedies, and that would divest this court of jurisdiction to hear that issue. So that would have actually been a mistake on my part by even bringing that issue forward. How is that? I mean, you argued on the merits, and arguably you waived the waiver by addressing it on the merits. Or if it's a jurisdiction issue, maybe you can't waive the waiver, because he didn't — if he did not — if he did not — Well, there are two levels of waiver. There is failure to take it from the I.J. to the board, and a failure to argue it in his brief before us. And I think the second waiver, you can waive. You know, you raise it on the merits, you address it on the merits, and I think arguably the fact that he didn't raise it in the blue brief, you then waived. But I don't think you can waive the jurisdictional bar that arises because he's failed to take his administrative — Exhaust his administrative remedies. That's correct. I would agree with you. No. I mean, he has exhausted his remedies. He just did it with an argument that was a guaranteed loser, because if he doesn't go to the BIA with an argument about changed country conditions, the result is predestined. Now, the board doesn't say that. The board doesn't say, you have to lose because there's this reason you didn't challenge. So I'm not so sure it's jurisdictional, but the argument still sits there like an 800-pound gorilla and has not been dealt with. And then he doesn't raise it in his gray brief. So I wonder whether he waives the waiver or the waiver. I mean, insofar as — I mean, he's also got the problem that he doesn't raise it in his You might have resurrected the argument by arguing the merits in your red brief, but then in this gray brief, he doesn't respond. So he might have — Waived my resurrection of the issue. I think that's wonderful that you picked up on that. Obviously, that sits at the very end, that even if Petitioner can prove that everything that the immigration judge stated that was not credible — It might come at the end to you, but if that is the case, we don't have to get into the messy questions of the fact-finding and so on, which are always difficult. And so we don't always start at the beginning, as you see it. OK, fantastic. Well, that would be great. But anyway, the position of the United States in this case is that he's waived and he's waived jurisdictionally. That would be the position. I mean, I'm not going to put words in your mouth. I just want to understand what you — Yes, if he failed to argue it to the board below, he absolutely failed to exhaust his administrative remedies and waived that issue, which divests this Court of Jurisdiction. Yes. Bill, the Governor's position. All I need to know. OK, case just argued. We'll stand for minutes. OK, thank you. Thank you.
judges: Kozinski, Fernandez, Clifton